Good morning, Your Honors. Bob Baker representing Oak Park Unified School District and Ventura County School Self-Funding Authority. I would like to begin by quoting the exclusion that the District Court found applied. This exclusion appears on the 29th page of the insurance policy, two-thirds down the page, and the title of said exclusion or said page does not list exclusion at all. The wording reads as follows. This insurance does not apply to liability of the owners and or lessors for bodily injury or property damage arising out of a design defect or structural maintenance of the premises or loss caused by a premise defect. Now, the District Court found, based on California Civil Code Section 284, that the condition of the field was a design defect. And Section 2784 reads, a condition arising out of its design which renders a structure, item of equipment, or machinery, or any other similar object movable or immovable when constructed substantially in accordance with its design inherently unfit, either wholly or in part, for its intended use for which impairs or renders the use of such structure, equipment, machinery, or property dangerous. This is the field, I suggest to you, does not fit this definition at all. Does it fit the definition of premises defect? Well, it is a premise. I would agree with that. But is it defective? The answer is clearly, in our view, it is not defective. And is it dangerous? Perhaps. And, you know, if you talk about a design defect or a premise defect, it doesn't seem like a structure. Yeah, it doesn't seem like a structure. So I'm asking a different question. The District Court never got to premises defect. That's correct. California law doesn't appear to define premises defect statutorily. Do you agree? That's correct. So why isn't this a premises defect, in your view? Well, first of all, if I may revert before I answer that question, if, as set forth in Zurich, an exclusion must be clear, concise, and in plain language. I would suggest to you that this exclusion is anything but clear, it's anything but concise, and it's not in plain language. Because what is a premise defect? In other words, if you take and say it's defective because there was no fence around the field, I would suggest to you that's not a defect. That may make it dangerous, but it's not defective. The field was used for 30 years without incident. And so is that defective? I think not. Well, counsel, in your complaint, essentially you talk about a negligent failure to maintain the premises or a negligent failure to warn about a danger. Doesn't it just follow from those allegations that there was something wrong with the premises, that the premises were defective in some way? I mean, isn't that just the logical conclusion of what your allegation is? Well, first of all, obviously it wasn't our complaint. Well, I understand, but your... In the underlying complaint, they allege, obviously, that the field was defective, there was a hole in the field, which they later abandoned that. They alleged it was defective because there was no fence around it, and they alleged it was defective because there was no guard there warning people. Don't they also, isn't this complaint also fairly make a negligence allegation? Well, that's what's right. At least as I read it, which is you... Of course it does. Soccer club, you should have put a fence around the field. And to go further with that, if you look at page 9 and 10 of my worthy adversary's brief, you'll see that their test is not the test in California for when the duty to defend accrues. Well, but let's put that aside for a second, because we're struggling with trying to figure out what this exclusion, right, it's really a rider in a third party coverage, means. So tell us, I'm not sure you've told us what you think premises defect means. If I sell somebody a house with a staircase with no banister, no railing, and they fall down it, is that a premises defect? You know, it could be, but my point is that you can put premises defect in there, and you have to be clear and concise. What is a premises defect? Is it any of the things that are set forth in the complaint? The question I have is, is the field defective because the slope didn't have a fence on it? And then you have to look at, well, what's the purpose of the field? And does it include space around it for spectators, which would make it then defective if you don't protect those spectators? But I don't really see a lot of discussion about, like, how is the field defective? Well, we don't think it is defective. What we think, and what, I was the lead trial lawyer, so I have some knowledge of the case because I was trying it against Mr. Grassini, and we started trial. And the point being that what occurred in this case, and it's in the record in the oral argument before the district court, is that this 74-year-old gentleman turned and went backwards and was running backwards towards the embankment, and his eyes were up towards the ball that had been kicked out of bounds at the soccer field. And then, contrary to what is said in my worthy adversary's brief, he did not go backwards down the embankment. He went face-first down the embankment. But here's my problem with that. He won at trial, right? Well, he didn't win. We settled the case. Well, okay. He settled the case. But we settled it for significantly less. I understand. And we're only fighting here about who pays your fees, which I was a lawyer once. That's an important thing. So I'm not denigrating it. I'm here to try to get my fees. But the question, I'm not sure we can retry in this coverage case the question of whether or not, what he did and what he didn't do. The question is whether on the face of the complaint, there's a coverage obligation. How is premise defect defined, and how does it apply to a soccer field? Counsel, I guess maybe your best argument is that the very uncertainty that we're discussing here about what premises defect might mean is that that at least suggests there is the potential for coverage. And if there is that potential, then the insurance company should have stepped up and defended your client. Is that the problem, what you're arguing? That's exactly the argument. The argument, their argument is they don't need to defend until and unless it's proven that there is coverage. The cases, Horace Mann and Gray v. Zurich, which interestingly enough, they don't even acknowledge exist. They're not in their summary judgment papers. They're not in their brief here. And that sets forth a standard that your honor just suggested. If there's a potential for coverage, they must step up and defend. They of course did not. And my point is, if there is a defect, and let's say the defect was because we didn't put a fence around it. And let's just assume that the design when it was built, and we don't know whether it's natural or it was built, in their brief they say, well, use your common sense. Your common sense is not extrinsic evidence. But in any event, the plans say put a fence around it and they don't. Is that a design defect? And we concentrated on design defect, your honor, because that's what the district court did. But I think you are correct. And that is based upon the issue that there was a potential for coverage which they simply ignored because they didn't want to obtain defense counsel. And just so that I understand the facts of this case correctly, they did cover the soccer club and provided a defense. They provided the defense to the soccer club and the soccer club had leased the premises from my client, Oak Park Unified School District. Right. But the allegations against your client in the underlying complaint were independent of the soccer. In other words, this wasn't simply a case where you feared the soccer club was going to seek indemnity from you. There was a complaint against your client. There was a complaint against my client and the soccer club. Right. That's what I thought, but I wanted to be sure of that. Yes. All right. Thank you, counsel. Thank you. Good morning, your honors. Lisa Darling Alderton on behalf of Philadelphia Indemnity Insurance Company in this matter. Listening to the first part of this oral argument, I think that Judge Lipp has really hit the nail on the head here when you focused on the allegations of the underlying complaint. The allegations of the arms complaint that were asserted against Oak Park were that this premises was defective and that that defect causes injury. If they were not able to prove that there was something wrong with the premises, they would not achieve a liability judgment against Oak Park. Well, the district court found this to be a design defect. Correct. Never reached the premises defect issue. Correct. Both were raised. Right. Right. And I'm reading the definition in the civil code. I assume California law applies here. Yes. Doesn't sound like a design defect to me. Well, if you look at the exclusion in the Philadelphia policy, remember that this policy was issued to the soccer league and it has this automatic endorsement that they're going to. Yeah. But there's no, this exclusion is not in the policy to the soccer league, right? Exclusion is in the rider that covers these guys, right? That's right. And it says we'll cover any owner or lessor of a premises that the soccer league has. So tell me why, just look at the language of 2784. It doesn't, renders a structure, item, equipment or machinery and other, I mean, your friend read it and doesn't seem to match up this case, does it? Well, I disagree actually. If you take a look at the pictures of this soccer field, this is, there are retaining walls along the bottom of it that lead into a parking lot or a baseball diamond. There's a 30 degree slope with bushes planted along it that is about a hundred yards long and the exact same angle the entire way. There's a flat top where the soccer was or other activities would occur. There are concrete steps built into the hill with a handrail to get up to the top. This was a designed structure. It was intended to be a field that could be used for various outdoor activities. It was apparently designed without a fence along the top edge because that's the way it had been for at least 30 years. That was the intentional way that this structure, this field was used for many, many years. So your view of structure is that it's the field that's the structure? Right. And the retaining walls? Was the field the structure? I mean, the field is a field. You're correct. Don't you think of structures as something you build? I don't think a structure has to be only a building. There were retaining walls and a slope that was built clearly by humans if you look at that picture. That's not a God made hill. There was a retaining wall at the bottom and it was flat at the top. I have no doubt the retaining wall is a structure, but nobody's claiming in this case the retaining wall was defective. So your claim is, as I understand it, is that the field, the entire aggregate of things up there is the structure that was defective? Including the side embankment and the wall at the bottom. That this was intended and built to be a field that would be used for soccer or other sports games. Is that the way one would normally read the word structure? We're reading an exclusion in insurance policy, so it needs to be clear. First of all, we're reading a stash. We're reading a rider that doesn't cover. We're reading a statute right now. The word structure is not in the language of the exclusion at issue here. But design defect is. Right. So you incorporate the statutory definition. Well, I would like to focus on the exclusion itself a little bit here. Well, what does premises defect mean? Sure. So what I want to talk about here is the exclusion. Can you answer my question? What does premises defect mean? Sure. I think that design defect means that the allegation is that there was something about the structure as it was intended to be that helped to cause the injury. I'm asking you, what is premises? Premises defect means that there was something wrong. I'm making a comparison here. One was it was intended as design. I didn't ask you to make a comparison. I asked you to tell me what is a premises defect. And a premises defect means that there was something allegedly wrong with the premises that caused the injury. Okay. So now. There is case law in California that the lack of a fence is a premises defect. That a hole in the ground is a premises defect. The cracks in sidewalks, those are premises defects. So is there a premises defect in this case? There was a premises defect alleged in the complaint. That was the theory of liability against Oak Park. That this field was either designed or had a premises defect. And that was why Oak Park should be liable for the injury that Mr. Ernst suffered. If there wasn't something that Oak Park should have seen was wrong with their premises and done to prevent this sort of an injury, then they would never be liable to Mr. Ernst. Let me ask you a question about the CGL policy. Because I used to do some of this work, I spent a whole lot of time looking for this kind of exclusion or rider in any CGL policy. Is this a standard exclusion? No, this is a manuscript exclusion in the Philadelphia policy. Okay, so there's no, we won't get any help in looking at, I couldn't find a case anywhere else in the country interpreting this language. And that's because it's your peculiar language, particular language. That's correct, that's correct. And the language of this exclusion is very clear in the context of this case. That when an additional insured obligation may be owed to an owner of land that's being rented by the soccer club that's the actual name insured. That Philadelphia has no intention to provide coverage to that additional insured for something that's wrong with the premises before the soccer club shows up. Before the soccer club showed up- Wouldn't it be simpler just to say that? I mean, if you'd said, look, we understand you rented it to them and we're not going to cover you for anything that arises from the condition in which you rented it to them. We'll only cover you for things that happened thereafter. That, I think that would be a very clear exclusion. Well, I think that that's what this says. We are not going to provide coverage to the owners of property for bodily injury that arises out of a design defect, a structural maintenance of the premises, or a loss caused by a premises defect. Counsel, you indicated this was a specific provision drafted by your client. They never chose to define design defect or premises defect. Why should we allow this provision of the California code to sort of drive our analysis of this case? It's completely extrinsic to the contract. I understand there's an attempt to try to find meaning in the phrase, but why should we say or agree that this is the only sensible source of meaning, this California code, which really has nothing to do with your insurance contract? I don't think that it is the only source of meaning for the language used in the- What else? I think the plain language itself is what controls here. We have plain language that clearly states that the coverage is not going to be available to the owner of land if the bodily injury arises out of some sort of defect with the premises, whether it's a design defect or a premises defect or something wrong with the maintenance. There's an or here. There's several things stated. And here, the only allegation of liability against Oak Park was that there was something wrong with this premises that they should have done something about to prevent his injury. The allegations in the complaint, I think Judge Hurwitz, you pointed out there was a negligence cause of action against the soccer club. But Oak Park was not named in that one. The only allegation against Oak Park was that there was a dangerous condition of public property. The way that the earnest complaint, the plaintiffs intended to find coverage or liability, excuse me, against Oak Park was to prove that there was something wrong with this premises that they had rented to the soccer club. If there wasn't anything wrong with it, if they're correct that it wasn't defective, they didn't need a fence, there were no holes, then they would not achieve any liability. What does the writer cover then? If something happened during the meet that was caused by something that the soccer club's covered. They've got a primary contract of insurance. You get a writer to cover the school district. Right. What does it cover? If something were to occur during the soccer game, a referee rammed into a spectator or something and they sued the school district and everybody involved. They wouldn't be liable for that, would they? But they might be sued and they would want a defense to that. If something that the soccer club did that caused an injury or the fact that they were there caused an injury, this would be available. That strikes me as odd because having been a parent of a kid that played soccer in these very leagues for many years, we all signed away all responsibility for any negligence or risks associated, any bodily injury that occurred. I mean, that was an automatic part of participation is you had to sign a release that released the premises, the fields, the organization. So that doesn't strike me as being, I mean, that would make what you're saying meaningless. I don't know whether or not anyone had to sign waivers to participate in this league. Every kid in every league, including the West Valley Soccer League. I certainly know that signing a waiver doesn't prevent people from suing. It happens all the time. And whether or not those waivers are enforceable, all those sorts of things. Could an accident happen at this field that wasn't caused by the premises itself? And could the school district be sued for that? Absolutely. Can we imagine scenarios of things that might happen? Maybe Oak Park placed- I mean, what are you covering by this additional insured language? Vicarious liability that the school district might have before acts of the named insured soccer league. Not negligence of the property owner themselves. We didn't directly issue a policy to the property owner. So if the complaint had said, in school district, you're vicariously liable, even though they wouldn't have been, you would have covered them? Yeah, if there was some sort of theory for why the school district should have known that the soccer club- No, no, I'm not talking about- No, we're not talking about theories now. We're just saying if the complaint had alleged the soccer club was negligent in the school district, you are vicariously liable. Right. Baseless, baseless claim. You would cover them. Well, sure. There'd be a defense obligation there. If someone said, school district, you- And if there were a judgment under it, you'd have to pay it. Right. Sure. And if someone sued the school district saying, you know that this soccer club has been running this in a dangerous fashion for many, many years, and you didn't do anything to stop it, or something like that, where they're being held liable because of the conduct of the soccer league, then this would absolutely provide coverage. But what Philadelphia did not intend to provide coverage for is for the owner for their own premises, for the fact that the premises itself was dangerous or wasn't being maintained in a proper way. So is dangerous equivalent to defective, in your mind? I think it is. I do think it is. I think to the extent that the theory of liability against Oak Park was that this was an unreasonably dangerous condition of this public property. That was their position. And what if it, based on this kind of complaint, what if it later, if the pursuit went to trial and it was proven that his injury wasn't because of a dangerous condition, but rather because of his own inherent lack of balance, that he fell down. It was his own fault. Right, and so that's one of the arguments that Oak Park has been saying all along, that it was really this gentleman's own fault that he got injured. Well, if that's true, once again, there wouldn't end up being a judgment to be indemnified. Right, but you still would have had the duty to defend. No, I don't think so. The duty to defend, for the duty to defend exists. Under California law, it's any possibility of liability for coverage. In reading this, I mean, the complaint, you could say, okay, they're alleging it's a dangerous condition, but what if it's just he was old and frail and shouldn't have been running after the soccer ball? Right, but the key there is there has to be a potential at the end of the day for some sort of judgment to be covered. It's not a potential for them to not be liable. No, no. That triggers an obligation to defend. No, the duty to defend is different than the duty to indemnify. If somebody makes a frivolous claim that falls within your coverage, you have to defend. That frivolous is proven true. You may not have, if it's not true, you may not have to cover. Right, but if it were true. We're only talking here about the duty to defend. That's correct. So why isn't this complaint fairly readable as saying, look, school district, you were negligent in not putting a fence around this before you sold it to them. That's really what they're arguing. One of the key factors was they said the premises was unreasonably dangerous because there wasn't a fence along the center. That's correct. So isn't that really an argument that the district was negligent? It continued to own the land. It's the owner of the land. You continue to own the land. Maybe you delivered to them in this condition, but by not later putting a fence around it, you're the ones who caused the accident. Would that be covered? No, it is not, because it is about the condition of the premises itself. No, but you said it was only meant to cover, it was only meant, you were meant to exclude any problem with the premises when delivered. So I'm saying, isn't this complaint fairly readable as saying, school district, you knew they were playing soccer up there, and they played soccer up there for years. You should have, knowing that, put a fence around it after it became operational. That sounds to me like an allegation of negligence as opposed to premises liability. Well, it certainly isn't an allegation of intentional wrongdoing, but it is an allegation that there's something wrong with the premises that contributed to and caused this man's injury. It is a premises defect exclusion. It is an allegation. It is an allegation there was something wrong with the premises. Last question, I know you're over time. The district judge, let's assume we think this is not a design defect. Should we send it back to the district court to see if it's a premises defect? I think that all of the facts that this is a premises defect have been presented to you. I think they're here. I think you can make that as an alternative ruling to support the decision that was made by the district court. All right, thank you, counsel. I'll give you one more minute. Just briefly, if you look closely at the exclusion, it talks about the design defect and excluding property injury or property damage. And then it says, or loss caused by a premise defect. It doesn't define what loss is. It doesn't equate loss to bodily injury, nor does it equate it to property damage. It just says- So you think the bodily injury exclusion only applies to design defect? I do. I think it does, and the language, I think, bears that out. So you wouldn't be covered for- so what about loss relating to design defect? Not covered? Loss related to design defect? If it was a design defect, I would assume that's true. Except that, what did they sell Oak Park, this insurance, if you listen carefully to my worthy adversary's argument, there is no insurance here. There's none. They take away all the coverage, and they equate dangerous with defective. As we point out in our brief, there is not the word defective in the complaint at all. We point out, for example, in our brief, you can argue that the Grand Canyon is dangerous because you can get right to the edge of it, but it's not defective. You can argue that a handgun is dangerous, but as built, it's not defective because it's built according to the plan. It fires when it's supposed to fire, and it doesn't fire when the safety's on and the trigger's not pulled. So I don't believe that dangerous equals defective, and as we put forth in our brief, you can be found liable for either one. The point being that this case, they decided not to defend, and they, of course, didn't defend, and to the extent that my client expended over a million dollars in defense of this action, and I suggest that their denial of duty to defend was incorrect and made erroneously. Thank you. Thank you, Counsel. Oak Park v. Philadelphia Indemnity Insurance Company is submitted.
judges: Nguyen, Owens, Baylson